Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000652
13-FEB-2015
09:07 AM

NO. CAAP-12-0000652

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
RICHARD HOMER GIBSON, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 10-1-0105)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Richard Homer Gibson, Jr. appeals from the Amended Judgment of Conviction and Sentence, entered on July 3, 2012 in the Circuit Court of the Third Circuit ("Circuit Court").[1]  Gibson was found guilty of the lesser-included offense of Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712 (2014), which is a misdemeanor. Gibson was sentenced to seven months incarceration and ordered to pay $55 to the Crime Victim Compensation Fund.

On appeal, Gibson argues that (1) there was insufficient evidence to convict him, and (2) the Circuit Court abused its discretion in sentencing him to seven months imprisonment.  Specifically, Gibson contends that the circumstances surrounding his conviction show that he was "trying to get out of a negative situation," that he is disabled and has a number of psychiatric medical conditions, and that he asked his attorney to withdraw prior to sentencing because he felt that he was not being adequately represented.  Gibson adds that there is no evidence showing that he has a prior criminal record, that this is his first offense, and emphasizes that the offense is a misdemeanor.  Generally, Gibson contends "when it is a first

_____

[1]    The Honorable Greg K. Nakamura presided.

offense, a person is given an opportunity to go on probation to see how well they do." Gibson also asserts that he was provided with ineffective assistance of counsel at trial, so his sentence was tainted because trial counsel and Gibson were at odds.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gibson's points of error as follows, and affirm:

(1) Contrary to Gibson's claim, when the evidence is viewed in the light most favorable to the prosecution, as we must on appeal, there was sufficient evidence to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt that Gibson committed Assault in the Third Degree. *See State v. Grace*, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (standard of review).

There was testimony that Gibson was belligerent and dismissive when confronted about hitting the Complaining Witness's ("CW") vehicle while parking his car. After speaking with CW's husband inside the post office, Gibson got into his car, reversed, and then drove forward toward him. After stopping, Gibson looked at the CW, revved his engine, and drove his car into the CW, causing her to flip over the windshield and to land on the pavement. The CW testified that she suffered back pain when she landed. "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." *State v. Stocker*, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting *State v. Sandino*, 64 Haw. 427, 430, 642 P.2d 534, 536-37 (1982)) (internal quotation marks omitted). From Gibson's acts and conduct, and the inferences fairly drawn from all of the circumstances, sufficient evidence was presented for the Circuit Court to conclude that Gibson intended to cause bodily injury to the CW.

(2) Gibson contends that the sentence in this case of seven months incarceration was an abuse of discretion, excessive, and cruel and unusual in violation of the United States and Hawai'i constitutions. We first note that a court is authorized to sentence a person convicted of a misdemeanor to prison for as

much as one year. Haw. Rev. Stat. § 706-663 (2014). Therefore, a sentence of seven months is not "so disproportionate to the conduct proscribed and . . . of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community." *See State v. Kumukau*, 71 Haw. 218, 227, 787 P.2d 682, 687 (1990) (quoting *State v. Freitas*, 61 Haw. 262, 267-68, 602 P.2d 914, 920 (1979)).

The factors to be considered in imposing a sentence are governed by HRS § 706-606 (2014).[2] Nothing in the statute precludes a court from imposing a sentence of imprisonment on a defendant for his misdemeanor conviction although he lacks a prior criminal history.

Gibson also claims that he should not have been sentenced to seven months incarceration because he suffers from physical and mental health issues. The documents in the record to which Gibson points relate to the court's pre-trial request

---

[2]   HRS § 706-606 states:

> **Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:
>
> (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   The need for the sentence imposed:
>
> > (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
> >
> > (b)   To afford adequate deterrence to criminal conduct;
> >
> > (c)   To protect the public from further crimes of the defendant; and
> >
> > (d   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)   The kinds of sentences available; and
>
> (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Haw. Rev. Stat. § 706-606.

that he be evaluated for competency. The responsive medical reports, then, only describe Gibson's condition in enough detail to support the conclusion that Gibson was competent to stand trial. Thus, Gibson has failed to demonstrate that the Circuit Court abused its discretion by failing to consider the factors under HRS § 706-606 and sentencing him to seven months imprisonment.

Finally, Gibson asserts that his sentencing hearing was "tainted" by ineffective assistance of trial counsel. In Hawaiʻi, a "defendant has the burden of establishing . . . 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Wakisaka*, 102 Hawaiʻi 504, 513-14, 78 P.3d 317, 326-27 (2003) (citations, footnote, and internal quotation marks omitted). However, Gibson presents no argument as to how the Circuit Court's sentencing decision was affected by his alleged disagreement with his trial counsel. As a result, Gibson has failed to demonstrate ineffective assistance of trial counsel. See *State v. Kane*, No. 28678, 2009 WL 826843 at *4 (Haw. Ct. App. Mar. 25, 2009) (rejecting ineffective assistance of counsel claims because appellant "fail[ed] to provide any discernable argument to support them.").

Therefore,

IT IS HEREBY ORDERED that the Amended Judgment of Conviction and Sentence, entered on July 3, 2012 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, February 13, 2015.

On the briefs:

Daphne E. Barbee,
for Defendant-Appellant.

Jefferson R. Malate,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4